## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : |
| v. | : Criminal Action No. 05-27-KAJ |
| TAHRIA AIGNER PARKS, | : |
| Defendant. | : |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Tahria Aigner Parks, by and through her attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant, Tahria Aigner Parks, agrees to plead guilty to Count One of the Indictment charging her with selling counterfeit Federal Reserve notes in violation of Title 18, United States Code, Section 473, which carries a maximum penalty of 20 years imprisonment, a $250,000 fine, 3 years supervised release and a $100 special assessment.

2. The defendant understands that if there were a trial, the government would have to prove the following elements with respect to Count One of the Indictment: (a) the defendant bought, sold, exchanged, transferred, received or delivered a counterfeit obligation of the United States; (b) at the time the defendant bought, sold, exchanged, transferred, received or delivered the obligation, she knew that the obligation was counterfeit; and (c) the defendant bought, sold,

exchanged, transferred, received or delivered the counterfeit obligation with the intent that the counterfeit obligation be passed, published, or used as true and genuine.

    3.      The defendant knowingly, voluntarily, and intelligently admits the following facts:

(a) in or around January, 2004, she sold counterfeit obligations of the United States, that is, $1,100 in counterfeit $20 Federal Reserve notes; (b) at the time she sold the counterfeit $20 Federal Reserve notes, she knew they were counterfeit; and (c) she sold the counterfeit $20 Federal Reserve notes with the intent that the counterfeit notes be passed, published, or used as true and genuine.

    4.      The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The parties hereby agree that U.S.S.G. § 2B5.1 is applicable to the offense to which the defendant is pleading guilty and further agree and stipulate that the face value of the counterfeit items was $1,100. Thus, the parties agree that, pursuant to U.S.S.G. § 2B5.1(a), the defendant's base offense level would be 9. With two points off for acceptance of responsibility, the parties agree that the defendant's offense level would be 7. The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. Finally, the defendant understands that the Court may reject the sentencing guideline calculation contained in this paragraph and that such rejection will not provide a basis for the defendant to attempt to withdraw her guilty plea.

     5.     The defendant agrees to pay the $100 special assessment at the time of sentencing.

Should she fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

     6.     Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under USSG §3E1.1(a) based on the defendant's conduct to date.

     7.     At the time of sentencing, the government agrees to move to dismiss Count Two of the Indictment as against this defendant.

     8.     The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits she expects from any such stipulation or recommendation, the defendant may not withdraw her guilty plea.

     9.     It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and

have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

                                                COLM F. CONNOLLY
                                                United States Attorney

| | | |
|---|---|---|
| _____ | BY: | _____ |
| Tahria Aigner Parks | | Beth Moskow-Schnoll |
| Defendant | | Assistant United States Attorney |

_____
Christopher Koyste
Attorney for Defendant

Dated:

      **AND NOW,** this ___ day of _____, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                          _____
                                          HONORABLE KENT A. JORDAN
                                          United States District Court Judge