*Filed In Open Court 7/28/05*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| v. | : | Criminal Action No. 05-27-KAJ |
| JOHNNY WALKER EWELL, | : | |
| Defendant. | : | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Johnny Walker Ewell, by and through his attorney, Patrick Egan, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant, Johnny Walker Ewell, agrees to plead guilty to Count Two of the Indictment charging him with passing counterfeit Federal Reserve notes in violation of Title 18, United States Code, Sections 472 and 2, which carries a maximum penalty of 20 years imprisonment, a $250,000 fine, 3 years supervised release and a $100 special assessment.

2. The defendant understands that if there were a trial, the government would have to prove the following elements with respect to Count One of the Indictment: (a) the defendant passed, uttered, published, or sold a counterfeit obligation of the United States; (b) at the time the defendant passed, uttered, published, or sold the obligation, he knew that the obligation was counterfeit; and (c) the defendant acted with the intent to defraud.

3. The defendant knowingly, voluntarily, and intelligently admits the following facts: (a) on or about January 20, 2004, he passed counterfeit obligations of the United States, that is, counterfeit $20 Federal Reserve notes; (b) at the time he passed the counterfeit $20 Federal Reserve notes, he knew they were counterfeit; and (c) he acted with the intent to defraud.

4. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The parties hereby agree that U.S.S.G. § 2B5.1 is applicable to the offense to which the defendant is pleading guilty and further agree and stipulate that the face value of the counterfeit items, including relevant conduct pursuant to U.S.S.G. § 1B1.3, was $600. The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

5. The defendant agrees to pay the $100 special assessment at the time of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

6. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under USSG §3E1.1(a) based on the defendant's conduct to date.

7. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings,

including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

8.  It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____        BY: _____
Johnny Walker Ewell                    Beth Moskow-Schnoll
Defendant                              Assistant United States Attorney

_____
Patrick Egan
Attorney for Defendant

Dated: 7/13/05

AND NOW, this 28th day of July, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted)/(rejected) by this Court.

_____
HONORABLE KENT A. JORDAN
United States District Court Judge